IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NORMAN LEE SHILLINGS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:15-CV-72 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Norman Lee Shillings, Jr., a prisoner confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. The petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of the pleadings and the relevant case law, the court concludes that the petitioner's objections lack merit for the reasons stated in the Magistrate Judge's Report and Recommendation.

The petitioner contends the evidence was insufficient to support his convictions for tampering with evidence. Generally, the standard of review for claims of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 320 (1979). However, on federal habeas review, the district court may overturn a state court finding that the evidence was sufficient only if the finding was objectively unreasonable. *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). In this case, the evidence showed that the petitioner provided a false name when he was stopped by law enforcement, he signed the false name on legal documents, and that the petitioner knew a criminal investigation was pending at the time he signed the documents. The state court found that this evidence was sufficient to show that the petitioner "made, presented or used the documents with knowledge of their falsity and with intent to affect the outcome of the investigation or official proceeding against him, as charged in the indictment." *Shillings v. State*, No. 09-13-00472, 2017 WL 1856833, at *1-2 (Tex. App.–Beaumont 2014, pet. ref'd). The state court's finding is reasonable because any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362

F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**ORDER**

Accordingly, the petitioner's objections (document no. 18) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate

Judge (document no. 15) is **ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.  A certificate of appealability will not be issued.

**So Ordered and Signed**
**Feb 8, 2018**

_____
Ron Clark, United States District Judge